# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSEPH JEROME DENNIS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) NO. CIV-11-1303-D ) |
| ANITA TATE and JOSEPH TAYLOR, | ) ) |
| Defendants. | ) ) |

## ORDER

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, asserts claims pursuant to 42 U. S. C. § 1983, alleging Defendants violated his constitutional rights during Plaintiff's incarceration at the Cimarron Correctional Facility ("CCF"), an Oklahoma private prison. In accordance with 28 U. S. C. § 636(b)(1)(B) and (C), the case was referred to United States Magistrate Judge Bana Roberts for initial proceedings. Defendant Joseph Taylor, Warden of CCF, and Defendant Anita Tate, a CCF corrections officer, jointly filed a motion to dismiss. Plaintiff timely responded.

On September 12, 2012, the Magistrate Judge filed a Report and Recommendation [Doc. No. 36] in which she recommended that the Court grant the motion to dismiss as to Counts I through III of the Complaint. As to Count IV, she recommended converting the motion to a summary judgment motion because all parties' arguments relied on material outside the pleadings. Although the Report and Recommendation does not discuss notice to the parties of conversion of the motion (*see* Fed. R. Civ. P. 12(d)), the case record reflects that Plaintiff asserted a motion for summary judgment advancing substantially the same arguments made in response to Defendants' motions to dismiss. Under the circumstances, the Court concludes that formal notice of conversion was not necessary.

The Magistrate Judge recommended that the Court grant summary judgment on Count IV. Because Plaintiff timely objected to the Report and Recommendation, the matter is reviewed *de novo.*

The Complaint reflects that Plaintiff's claims are based on the contention that his constitutional rights to equal protection and due process were violated when his visitation rights were restricted. As explained in the Report and Recommendation, he alleges in Count I that Defendant Tate reported observing improper sexual activity between Plaintiff and a female visitor and, as a result, the female was not allowed visitation rights. In Counts II and III, Plaintiff alleges that his rights were further violated when Defendant Taylor extended the restrictions on the female's visitation rights. In Count IV, Plaintiff contends that Defendant Taylor improperly retaliated against him when Plaintiff formally complained about Defendant Tate's initial report.

As discussed in the Report and Recommendation, Counts I through III are subject to dismissal because it is well established that an inmate has no liberty interest in visitation privileges, and restrictions on those privileges cannot form the basis for a constitutional rights deprivation. *See, e.g., Marshall v. Morton,* 421 F. App'x 832, 838 (10th Cir. 2011) (unpublished opinion), *cert. denied,* __U.S. __, __S.Ct.__, 2012 WL 33454 (Jan. 9, 2012). As explained in detail at pages 5 through 9 of the Report and Recommendation, such allegations cannot, as a matter of law, state a plausible claim for relief. That discussion is adopted as though fully set forth herein. As a result, the allegations in the Complaint are insufficient to withstand a motion to dismiss, and the motion to dismiss Counts I through III is granted.

The Court further finds that, because Plaintiff cannot state a plausible claim for relief for violations of due process based on restrictions on his visitation privileges, it would be futile to permit him to amend the Complaint. Although leave to amend should be freely granted pursuant

to Fed. R. Civ. P. 15, it may be denied on several grounds, including futility. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Hom v. Squire,* 81 F.3d 969, 973 (10th Cir.1996). Specifically, denial of leave to amend is proper when the proposed amended complaint would be subject to dismissal for any reason. *Bauchman for Bauchman v. West High School,* 132 F.3d 542, 562 (10th Cir. 1997). In this case, as fully explained in the Report and Recommendation, Plaintiff cannot state a plausible claim for a violation of his equal protection rights on the basis of visitation restrictions. Accordingly, amending the Complaint to attempt to do so would be futile. Counts I through III are dismissed with prejudice.

In addressing the issues in Count IV of the Complaint, the Magistrate Judge determined that the motion to dismiss should be converted to a summary judgment motion because both Plaintiff and Defendants relied on material outside the pleadings in support of their respective arguments. Count IV asserts a claim that Defendant Taylor retaliated against Plaintiff after Plaintiff complained about the conduct of Defendant Tate. According to Plaintiff, Defendant Taylor permanently suspended visitation rights in retaliation for the complaint. Defendants contend that the record reflects Plaintiff failed to fully exhaust his administrative remedies as to this claim and that his failure to do so bars the claim and entitles them to judgment.

As the Magistrate Judge correctly noted, Plaintiff is required by statute to exhaust all available administrative remedies before resorting to a § 1983 federal court action. 42 U. S. C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 211 (2007). An inmate successfully exhausts administrative remedies by fully completing the review process established by the prison's grievance procedure. *Id.* at 218.

The Magistrate Judge concluded that the undisputed material facts in the record establish

Plaintiff did not fully exhaust his administrative remedies on the claims asserted in Count IV of the Complaint. The Court agrees. Accordingly, for the reasons set forth in the Report and Recommendation at pages 9 through 13, Defendants are entitled to judgment on this claim.

Having reviewed the Report and Recommendation, the record in this case, and the objections of Plaintiff, the Court concludes that the Magistrate Judge was correct in her determination that Defendants are entitled to dismissal of Counts I through III of the Complaint, and they are entitled to judgment on Count IV. The Report and Recommendation [Doc. No. 36] is adopted as though fully set forth herein. The Court also denies as moot Defendants' motion for a protective order [Doc. No. 28], and Plaintiff's motions for preliminary injunctive relief [Doc. No. 21], for discovery [Doc. No. 29], and for summary judgment [Doc. No. 33]. Judgment shall enter accordingly.

IT IS SO ORDERED this 23rd day of October, 2012.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE